**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 1, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

MARTY R. ARDIZZONE,

Petitioner-Appellant,

v.

JUSTIN JONES,

Respondent-Appellee.

No. 10-7073
(D.Ct. No. 6:09-CV-00325-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**[*]

Before **HARTZ**, **BRORBY**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

submitted without oral argument.

Appellant Marty R. Ardizzone, a state prisoner appearing *pro se*, seeks a

certificate of appealability to appeal the district court's dismissal of his petition

_____

[*] This order is not binding precedent except under the doctrines of law of
the case, *res judicata* and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for a writ of habeas corpus under 28 U.S.C. § 2241. We deny his request for a certificate of appealability and dismiss his appeal.

## I. Factual and Procedural Background

Mr. Ardizzone is a state inmate at an Oklahoma correctional facility serving a life sentence for first-degree murder. On March 8, 1983, an Oklahoma Department of Corrections prison disciplinary hearing was held related to Mr. Ardizzone's escape from incarceration; he was found guilty of escape and punished through revocation of 291 days of earned credits, even though he is unable to earn any credit given his life sentence. Over twenty-five years later, in June 2008, he sought an administrative appeal of his disciplinary proceeding, which was denied because his appeal was received out of time. More specifically, the Oklahoma Department of Corrections explained his appeal should have been brought within thirty calendar days of his receipt of notification of its finding of guilt and punishment.

On October 10, 2008, Mr. Ardizzone unsuccessfully filed a petition in state district court seeking relief from the Department of Corrections' denial of his 2008 appeal of his 1983 disciplinary proceeding. The state court denied his petition, finding he appealed the action more than twenty-five years after being

found guilty of escape, without an explanation as to why the statute of limitations should not apply.

On December 3, 2008, Mr. Ardizzone unsuccessfully filed an appeal of the state court decision with the Oklahoma Court of Criminal Appeals. It denied his appeal, explaining he gave no reason for failing to timely seek relief from the disciplinary proceeding.

On August 26, 2009, Mr. Ardizzone filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Oklahoma federal court, again seeking relief concerning his 1983 disciplinary proceeding and loss of earned credits. The district court determined the limitations period for bring such an action began to run when the factual predicate of the claim could have been discovered through the exercise of due diligence. It found this occurred when Mr. Ardizzone was found guilty of escape in 1983. Because his 1983 disciplinary proceeding was held prior to enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the district court determined Mr. Ardizzone had until April 24, 1997, to initiate his habeas corpus action. Since he failed to timely initiate his habeas corpus action prior to that date, the district court determined his petition for § 2241 relief was filed out of time and dismissed his action. In so

doing, it did not address whether a certificate of appealability should issue, leaving that determination for this court.

## II.  Discussion

Mr. Ardizzone now seeks a certificate of appealability from this court, arguing the district court dismissed his § 2241 petition as time-barred without hearing the issue on the merits, including the fact the Oklahoma Department of Corrections did not afford him minimum due process to prepare for his 1983 disciplinary hearing.  While he admits he did not seek relief from his disciplinary proceeding in the federal courts for twenty-seven years, he argues the Department of Corrections is improperly using his misconduct of escape as a reason to keep him in maximum security.

Under 28 U.S.C. § 2253(c)(1)(A), a certificate of appealability is required whenever, as here, "the detention complained of arises out of process issued by a State court." *Montez v. McKinna*, 208 F.3d 862, 868 n.7 (10th Cir. 2000).  The grant of a certificate of appealability is a jurisdictional prerequisite to an appeal from the denial of a § 2241 petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To be entitled to a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  However, where the district court denies a petitioner's claims on

procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether [his] petition states a valid claim of the denial of a constitutional right and ... whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In considering these threshold components, a district court may dispose of a petition by resolving either of the components "whose answer is more apparent from the record and arguments." *Id.* at 485. In this case, the district court clearly dismissed the petition on procedural grounds when it found the statute of limitations required dismissal of Mr. Ardizzone's § 2241 petition.

In reviewing the dismissal of a federal habeas corpus petition, we review the district court's findings of fact for clear error and its conclusions of law *de novo*, including its denial of a habeas corpus petition based on § 2244. *See Burger v. Scott*, 317 F.3d 1133, 1137-38 (10th Cir. 2003). "However, we review the district court's decision on equitable tolling of the limitation period for an abuse of discretion." *Id.* at 1138.

Under 28 U.S.C. § 2244(d)(1), a one-year limitation period applies to habeas corpus petitions brought by prisoners in custody pursuant to state court judgments. *See also Burger,* 317 F.3d at 1138 (explaining one-year limitation period in § 2244(d) applies to § 2241 petitions). Generally, this limitation period

runs from the latest of the date on which the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, where, as here, a petitioner's conviction became final before the AEDPA was effective, a special rule applies — the one-year statute of limitations does not begin to run until April 24, 1996, requiring that any habeas corpus petition be filed before April 24, 1997, unless tolling is applicable. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001).

A review of the record on appeal clearly establishes Mr. Ardizzone's conviction, as well as the disciplinary process of which he complains, occurred before the AEDPA was effective, so that any habeas corpus petition should have been filed by April 24, 1997. As the district court correctly determined, Mr. Ardizzone did not filed his federal habeas corpus petition until August 26, 2009, making it untimely and barred by the applicable statute of limitations. Moreover, nothing in the record on appeal or the pleadings filed by Mr. Ardizzone provides a legitimate or persuasive explanation as to why he could not have filed his petition by April 24, 1997, or shows that the statute of limitations was tolled for any period of time. Accordingly, Mr. Ardizzone is not entitled to a certificate of appealability.

III.  Conclusion

For the foregoing reasons, we **DENY** Mr. Ardizzone's request for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge